GONZÁLEZ, DEMANDANTE Y APELANTE, *v.* SUCESIÓN CANALS, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en pleito sobre filiación.

No. 1642.—Resuelto en junio 5, 1917.

FILIACIÓN — HIJOS NATURALES — RECONOCIMIENTO DE PATERNIDAD DERIVADA DE VIOLACIÓN, ESTUPRO O RAPTO.—Con arreglo al artículo 135 del Código Civil español, que rigió en Puerto Rico hasta julio 1, 1902, y el 468 del Código Penal a que alude, una acción sobre reconocimiento de paternidad derivada de actos de violación, estupro o rapto, sin haber estado el demandante en la posesión continua del estado de hijo natural, y sin existir escrito indubitado de reconocimiento, exige como requisito indispensable una sentencia firme condenatoria, dictada en el procedimiento penal seguido por cualquiera de aquellos delitos.

ID.—ID.—FALTA DE CAUSA DE ACCIÓN—DAÑOS Y PERJUICIOS POR VIOLACIÓN.—De acuerdo con la anterior doctrina, no puede prosperar una demanda de reconocimiento de hijo natural sobre hechos ocurridos en el año 1893, en que no se alega la existencia de escrito indubitado de reconocimiento, ni la posesión de estado de hijo natural, ni la sentencia firme condenatoria por delito de violación, estupro o rapto.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Sabater.*

Abogado de la apelada: *Sr. Antonio F. Castro.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Con fecha 5 de septiembre de 1916 Juan Nepomuceno González produjo demanda ante la Corte de Distrito de Mayagüez contra la Sucesión de Damián Canals representada por su viuda y dos hijos menores de edad, con súplica de que se le declare hijo natural reconocido de Damián Canals y como tal con derecho a llevar su apellido y a percibir la porción

hereditaria correspondiente, imponiendo a los demandados las costas, gastos, desembolsos y honorarios de abogado.

Alega el demandante como hechos fundamentales de su acción los siguientes:

Que cuenta 21 años y meses de edad; que en el año de 1893 Damián Canals requería insistentemente de amores a Margarita González, madre del demandante, hasta que allá por el mes de junio de dicho año, Damián Canals, sin el consentimiento de Margarita González y valiéndose de su poder, con engaño e intimidación, forzosamente la sacó de la casa de sus padres donde vivía y la trasladó a la de Canals, en una hacienda de café, con el propósito de gozar carnalmente de ella, lo que consiguió y realizó; que desde esa época Canals vivió en concubinato y sostuvo relaciones maritales con ella, pública y notoriamente, como marido y mujer; que a consecuencia de esas relaciones la González quedó embarazada y durante su embarazo continuó viviendo en concubinato con Canals, quien reconoció pública y privadamente que el fruto del embarazo era procreado por él y manifestó en varias ocasiones la intención de casarse con Margarita para legitimar el fruto que llevaba en su seno; que al tiempo de la concepción y nacimiento del hijo, Damián Canals y Margarita González eran solteros y podían casarse sin dispensación de clase alguna; que Damián Canals se ausentó de Puerto Rico a fines de febrero de 1894 cuando Margarita González se encontraba próxima a su alumbramiento, el que sucedió en mayo de 1894; que Damián Canals se casó en Mallorca con Margarita Poujim, en cuyo matrimonio procreó dos hijos llamados Damián y Amador; y que Canals falleció en Mallorca por el año de 1904 dejando como únicos herederos a su viuda y a los dos hijos mencionados.

La parte demandada al contestar la demanda negó los hechos determinantes de la acción y alegó además que las alegaciones de la demanda no dan derecho al demandante para ejercitar la acción de filiación.

Celebrado el juicio la corte dictó sentencia en 20 de diciembre de 1916 por la que declara sin lugar la demanda y

establece como razón de aquélla que con arreglo al Código Civil español vigente en la fecha en que los hechos tuvieron lugar, una acción sobre reconocimiento de paternidad derivada de acto de rapto o violación, sin haber estado el demandante en la posesión continua del estado de hijo natural, exige como requisito indispensable una sentencia firme dictada en causa por rapto o violación, lo cual no se ha alegado ni probado por el demandante.

Tiene razón la corte sentenciadora y con ella la parte apelada al sostener en su contestación que las alegaciones contenidas en la demanda no dan derecho al demandante para ejercitar la presente acción de filiación.

El artículo 135 del Código Civil español que rigió en Puerto Rico hasta 1°. de julio de 1902 y que regula el caso sometido a nuestra decisión dice así:

"Artículo 135.—El padre está obligado a reconocer al hijo natural en los casos siguientes:

"1. Cuando exista escrito suyo indubitado en que expresamente reconozca su paternidad.

"2. Cuando el hijo se halle en la posesión continua del estado de hijo natural del padre demandado, justificada por actos directos del mismo padre o de su familia.

"En los casos de violación, estupro o rapto, se estará a lo dispuesto en el Código Penal en cuanto al reconocimiento de la prole."

El artículo 468 del Código Penal aludido contiene el siguiente precepto:

"Artículo 468.—Los reos de violación, estupro o rapto, serán también condenados por vía de indemnización:

"1. A dotar a la ofendida, si fuere soltera o viuda;

"2. A emanciparla si estuviere en su servidumbre;

"3. A reconocer la prole, si la calidad de su origen no lo impidiere."

Como se ve, el artículo 135 que dejamos transcrito solamente autoriza la acción de reconocimiento cuando el padre voluntariamente y mediante escrito suyo indubitado haya reconocido expresamente su paternidad o cuando el hijo se halle

en la posesión continua del estado de hijo natural.   Ese artículo no establece una acción de reconocimiento de naturaleza civil con vida propia e independiente para los casos de violación, estupro o rapto, sino que ordena que en esos casos se esté a lo dispuesto en el Código Penal entonces vigente respecto del reconocimiento de la prole.   Y ya hemos visto lo que dispone dicho artículo, es decir, que los reos de violación, estupro o rapto, sean también condenados por vía de indemnización al reconocimiento de la prole, si la calidad de su origen no lo impidiere.   Para obligar al reconocimiento es requisito indispensable que los reos sean condenados por violación, estupro o rapto, lo cual sólo podía hacerse por sentencia en el procedimiento criminal estatuído al efecto.   Es de notar que las causas por estupro, rapto o violación no podían iniciarse de oficio, pues para la persecución del delito de estupro era necesaria instancia o querella de la parte agraviada, de sus padres, abuelos o tutor, y para proceder en las causas de violación y en las de rapto ejecutado con miras deshonestas, era necesaria la denuncia de cualquiera de las personas anteriormente expresadas, aunque no formalizaran instancia, extinguiéndose en todos esos casos la acción penal o la pena por perdón expreso o presunto de la parte ofendida. Artículo 467 del Código Penal antes vigente.

No plugo a la madre del demandante denunciar al presunto raptor o violador para que además de la sanción penal en que pudiera haber incurrido se le exigiera la responsabilidad civil del reconocimiento del hijo, y hoy no le queda a éste otro recurso para llegar al fin apetecido que fundar su demanda en un escrito indubitado de reconocimiento o en la posesión del estado de hijo natural con arreglo al Código Civil español que antes regía.

La demanda no contiene alegación alguna de existencia de escrito indubitado de reconocimiento, ni de posesión de estado de hijo natural, ni de sentencia firme condenatoria contra Da-

mián Canals por delito de violación o rapto de Margarita Gon-
zález y por tanto la demanda no puede prosperar.

En apoyo de la anterior doctrina viene el ilustrado comen-
tarista Sr. Manresa, al expresarse en los siguientes términos:

"Se estableció en la base quinta que no se admitirá investigación
de la paternidad sino en los casos de delito o cuando exista escrito
del padre en el que conste su voluntad indubitada de reconocer por
suyo al hijo, deliberadamente expresada con ese fin, o cuando ·medie
posesión de estado   \*   \*   \*

"No puede pues prosperar la demanda para obligar al padre al
reconocimiento de un hijo natural, aunque sólo se limite a pedir
alimentos, si no se funda en el reconocimiento expreso del padre
hecho por escrito, en la posesión constante de estado de hijo natural,
o en sentencia firme recaída en causa por delito de violación, estupro
o rapto." 1 Manresa, Comentarios Cod. Civ. Español, 579.

No es de aplicación al recurso nuestra decisión en el caso
de *Guzmán* v.·*Vidal,* 19 D. P. R. 841, pues entonces se trataba
de indemnización pecuniaria de daños y perjuicios por viola-
ción, y ahora se trata de reconocimiento de hijo natural.

Por las razones expuestas es de confirmarse la sentencia
apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Al-
drey y Hutchison.